# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER ROSA, :<br>    *Petitioner*, :<br>                   :<br>v.                                   :<br>                     :<br>COMMISSIONER OF CORRECTION, :<br>    *Respondent*. : | Case No. 3:22-cv-1226 (SVN) |

## RULING AND ORDER ON PENDING MOTIONS

Petitioner Alexander Rosa, who was formerly incarcerated within the Connecticut Department of Correction ("DOC") and is now in a release program at Isaiah House,[1] filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 against Respondent, the Commissioner of the DOC. Pet., ECF No. 1. In the petition, Petitioner challenges his state convictions following guilty pleas for assault on public safety personnel, burglary, and violation of his probation.[2] *Id.* He raises four grounds for relief, all of which center on allegations that his arrest warrants were unsigned, that the criminal trial court concealed the impropriety of the unsigned warrants, and that Petitioner's criminal defense counsel failed to investigate and discover that the warrants were unsigned. *Id.* at 5–10.

---

[1] Isaiah House is a nonprofit halfway house and work release program. *See Williams v. Cook*, No. 3:20-CV-663 (AVC), 2020 WL 5649406, at *2 (D. Conn. Aug. 10, 2020). The Court notes that, according to publicly available information on the DOC's website and Petitioner's latest change of address notices, Petitioner is at Isaiah House and will complete his sentence by January 11, 2024. *See* ECF Nos. 41, 48; *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (taking judicial notice of "relevant matters of public record"). Petitioner's release to Isaiah House does not deprive the Court of jurisdiction over his petition, nor does it render the petition moot. *See Dhaity v. Warden*, 5 F. Supp. 3d 215, 221 (D. Conn. 2014).

[2] The Court takes judicial notice of the relevant criminal state court dockets for these convictions: CR14-0280668 (assault on public safety personnel, in violation of Connecticut General Statutes § 53a-167c, and violation of probation); CR19-0306433 (burglary in the first degree, in violation of Connecticut General Statutes § 53a-101); and CR19-0306435 (burglary in the third degree, in violation of Connecticut General Statutes § 53a-103).

Respondent has moved to dismiss the petition, arguing that Petitioner failed to exhaust his state court remedies. ECF No. 18. In addition to opposing Respondent's motion to dismiss, Petitioner has filed a motion to strike portions of Respondent's motion to dismiss, ECF No. 23, and a motion to stay this matter pending exhaustion of his state court remedies, ECF No. 24. For the following reasons, the Court DENIES AS MOOT Petitioner's motion to strike, GRANTS Respondent's motion to dismiss, and DENIES Petitioner's motion to stay.

## I. FACTUAL BACKGROUND

On March 26, 2015, after pleading guilty to assault on public safety personnel, Petitioner was sentenced to ten years' incarceration, execution suspended after two years, to be followed by three years of probation. *See supra* footnote 2. On May 6, 2019, Petitioner pleaded guilty to violation of his probation and was sentenced to seventy-two months of incarceration. *Id.* On that same day, after pleading guilty to burglary in the first and second degrees, Petitioner was sentenced to five concurrent years of incarceration. *Id.*

Following these convictions, Petitioner filed four habeas petitions in Connecticut state court. Two of them, TSR-CV22-5001303-S and TSR-CV19-5000411-S, pertain to disciplinary proceedings that took place while he was incarcerated with the DOC and that resulted in lost good time credit. Those petitions do not appear to be relevant to his convictions. *See* ECF No. 23 at 2.[3]

---

[3] In Petition's motion to strike at ECF No. 23, he primarily argues that Respondent's motion to dismiss improperly references those two state court habeas petitions and that those petitions are not relevant to the present federal habeas petition. In the interest of completeness, the Court reviewed the public dockets of those two state court habeas petitions to ensure that they did not pertain to Petitioner's conviction. Because the Court finds those two petitions irrelevant to the present petition, the Court will not consider them further, and, therefore, striking that material from Respondent's motion is unnecessary. Accordingly, Petitioner's motion to strike is denied as moot.

Petitioner's two other state habeas petitions do appear to pertain to the convictions he challenges in this action. On January 11, 2021, Petitioner filed a habeas petition in Connecticut state court, TSR-CV21-5000871-S; the public docket indicates that a trial is scheduled in this matter for July 31, 2024. On April 12, 2023, Petitioner filed another habeas petition in Connecticut state court, TSR-CV23-5001460-S. According to the public docket in that matter, on April 19, 2023, the habeas court dismissed the petition for lack of subject matter jurisdiction. Further details regarding these two petitions are discussed below.

Petitioner filed the present federal habeas petition pursuant to § 2254 on September 30, 2022. Pet. at 1. Respondent has moved to dismiss the petition, arguing that Petitioner failed to exhaust his state court remedies prior to filing the petition.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018) (reviewing motion to dismiss § 2254 petition under Fed. R. Civ. P. 12(b)(6)). To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

Because Petitioner filed the present petition *pro se*, the Court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "Despite the special solicitude that the Court must show [Petitioner] out of consideration for his *pro se* status, his petition must still include sufficient factual allegations to meet the standard of facial plausibility to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (italicization added; citation and internal quotation marks omitted).

In considering a motion to dismiss, the court typically may consider only the complaint, or, here, the petition. The petition, however, "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," as well as any documents deemed "integral" to it. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations and internal quotation marks omitted). *See also Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005) (explaining that, in considering a motion to dismiss, "the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint"). Accordingly, here, the Court will consider documents submitted by the parties and available in the public record relevant to the various state court proceedings underlying the procedural history of this case.

B. <u>Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")</u>

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the [AEDPA]." *Harrington v. Richter*,

4

562 U.S. 86, 97 (2011). Section 2254 permits a federal court to entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a).

Relevant here, AEDPA requires a state prisoner to exhaust all available state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems by affording the state court the first opportunity to correct a constitutional violation. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.").

To satisfy the exhaustion requirement, a habeas petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair opportunity to correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). A petitioner "fairly present[s]" his federal claim to the state court by "alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Henry*, 513 U.S. at 365–66). Specifically, the petitioner must have informed the state court of the factual premise of the federal claim by setting forth "all of the essential factual allegations," and he must have informed the state court of the legal premise of the federal claim by raising "essentially the same

5

legal doctrine" in the state court. *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191–92 (2d Cir. 1982) (citing, among others, *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)). Review in the state's highest court must be sought, even if such review is discretionary and unlikely to be granted, because the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845; *see* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has a right under the law of the State to raise, by any available procedure, the question presented."). Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); 28 U.S.C. § 2254(b)(1)(B).

In some instances, a federal habeas petition may be "mixed," meaning that it contains "both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). When presented with a mixed petition, a district court has discretion either to dismiss the petition in its entirety, or to stay the federal habeas proceeding to afford the petitioner an opportunity to exhaust his unexhausted claims in state court. *Id.* at 278–79; *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). Staying the federal habeas proceeding is generally disfavored because it frustrates the objectives of the exhaustion requirement, and a stay is therefore available "only in limited circumstances." *Rhines*, 544 U.S. at 277.

### III.  DISCUSSION

The Court agrees with Respondent that none of the grounds in Petitioner's § 2254 petition have been exhausted. Petitioner did not file a direct appeal following his guilty pleas and

convictions. *See* Pet. at 2. Of Petitioner's four state habeas petitions, two of them do not pertain to his convictions. Of the remaining two, one was dismissed for lack of subject matter jurisdiction, and the record does not indicate that that dismissal has been appealed. The final petition remains pending with trial scheduled in Connecticut Superior Court in 2024. Thus, it is apparent that none of the grounds asserted in Petitioner's current § 2254 petition have been presented to Connecticut's highest court. Accordingly, those grounds are not properly exhausted.

Petitioner concedes that he has not exhausted his grounds for habeas relief either on direct appeal or through habeas state collateral review, *see* Pet. at 6–12; ECF No. 23 at 4 ("The Petitioner understands fully that he has not exhausted the state court remedies."). Instead, Petitioner argues that he will have fully served his sentence by the time he is able to exhaust his state court remedies, particularly given that the trial in his only pending habeas matter is scheduled for July 31, 2024, which Petitioner avers is five months after the end of his sentence. Therefore, he argues that, under § 2254(b)(1)(B), the state process is so clearly deficient as to render exhaustion futile.

To begin, Petitioner's argument ignores that he has failed to appeal the decision dismissing his petition in case number TSR-CV23-5001460-S for lack of subject matter jurisdiction. In that matter, Petitioner filed his petition on April 12, 2023, and the habeas court dismissed the action a mere one week later, on April 19, 2023. Although a review of the docket indicates that Petitioner moved for reconsideration of the habeas court's decision, it does not appear that he appealed the decision. Under these circumstances, this Court cannot find that the state process as to TSR-CV23-5001460-S was so clearly deficient that exhaustion would have been futile. Indeed, had he proceeded expeditiously with an appeal, it is possible he could have exhausted the claims in this petition before his release date.

As for case number TSR-CV21-5000871-S, Petitioner is correct that his trial in that action, which was initially filed in January of 2021, is not set until July of 2024. But this delay does not necessarily render exhaustion of his state court remedies futile. Futility exists only "where there is a 'complete absence of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an unconscionable breakdown from using the process that exists.'" *Jordan v. Bailey*, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013), *aff'd*, 570 Fed. Appx. 42 (2d Cir. 2014) (summary order) (quoting *Francis S. v. Stone*, 995 F. Supp. 368, 380 (S.D.N.Y. 1998)). While the Second Circuit has held that exhaustion may be futile in cases of inordinate delay, *see, e.g., Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991) (nine-and-one-half years' delay) and *Mathis v. Hood*, 851 F.2d 612, 614 (2d Cir. 1988) (six-year delay), it is not clear that the three-and-a-half year delay between the filing of the state petition and its trial date amounts to inordinate delay, standing alone. Courts in this Circuit have held that exhaustion was not futile when the challenged sentence would be completed before the state court could resolve the petitioner's state habeas proceeding. *Grefer v. Frank*, No. 917-CV-1299 (MAD)(TWD), 2021 WL 1198156, at *2 (N.D.N.Y. Mar. 30, 2021) ("To the extent that Petitioner claims that administrative remedies were unavailable to him because he would be released before he could complete the process, courts in this Circuit have routinely rejected that argument."); *Nordahl v. Rivera*, No. 08 CIV. 5565 KMK LMS, 2010 WL 9444862, at *2 (S.D.N.Y. Apr. 7, 2010) (finding the state court remedy not futile even though the petitioner's sentence may conclude before resolution of his habeas petition), *report and recommendation adopted*, No. 08-CV-5565 KMK LMS, 2013 WL 1187478 (S.D.N.Y. Mar. 21, 2013). Here, Petitioner is not languishing without a trial date; rather, in an attempt to move forward with the case, the state habeas court has set the action for a trial. Thus, he will have

an opportunity to obtain redress in state court, and he has not demonstrated that the "corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3.

Petitioner also attempts to argue the merits of his grounds for habeas relief, but those arguments do not bear on the question of exhaustion of his state court remedies.

Finally, Petitioner asks the Court to stay this action pending exhaustion of his state court remedies. ECF No. 24. But a stay is "available only in limited circumstances," generally when an initially timely habeas petition containing some exhausted claims and some unexhausted claims is at risk of becoming untimely if dismissed on exhaustion grounds. *See Rhines*, 544 U.S. at 277. Because the present petition is fully unexhausted, not mixed, a stay would not be proper. *See Campbell v. Erfe*, No. 3:16-CV-1236 (AWT), 2016 WL 4926411, at *2 n.2 (D. Conn. Sept. 14, 2016) (declining to stay a habeas petition because it included no exhausted claims); *Bonner v. Superint., Five Points Corr. Facility*, No. 20-CV-6906 (FPG), 2021 WL 1946703, at *9 (W.D.N.Y. May 14, 2021) ("A stay-and-abeyance is only available under *Rhines* when the petitioner has brought a 'mixed petition' containing exhausted and unexhausted claims."); *Kalu v. New York*, No. 08-CV-4984 (NGG), 2009 WL 7063100, at *5 (E.D.N.Y. Sept. 15, 2009) (collecting cases for the proposition that federal courts have declined to stay where a habeas petition contains only exhausted claims), *report and recommendation adopted sub nom. Ndukwe v. New York*, No. 08-CV-4984 (NGG) (RLM), 2010 WL 4386680 (E.D.N.Y. Oct. 28, 2010). Accordingly, Petitioner's request to stay this action must be denied.

## IV. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss, ECF No. 18, is GRANTED, and the Petition, ECF No. 1, is DISMISSED without prejudice. Petitioner's motion to strike, ECF No. 23, is DENIED AS MOOT, and Petitioner's motion to stay, ECF No. 24, is DENIED.

The Clerk is instructed to close this case. Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED** at Hartford, Connecticut, this 12th day of July, 2023.

                           */s/ Sarala V. Nagala*
                           SARALA V. NAGALA
                           UNITED STATES DISTRICT JUDGE